UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 02-20676-CR-ALTONAGA

**UNITED STATES OF AMERICA**,

    Plaintiff,
v.

**RICHARD DANIEL**,

    Defendant.
_____/

## ORDER

**THIS CAUSE** came before the Court upon Defendant, Richard Daniel's Motion to Reduce Sentence Pursuant to 18 U.S.C. [Section] 3582(c)(1)(A)(i) [ECF No. 377], filed on May 20, 2024. The Government filed a Response [ECF No. 378]; to which Defendant filed a Reply [ECF No. 379]. The Court has considered the record, the parties' written submissions, and the applicable law. For the following reasons, the Motion is granted in part.

## I. BACKGROUND

Defendant was convicted on February 26, 2004, of eight total counts: one count of conspiracy to deal in firearms; one count of conspiracy to distribute a controlled substance; two counts of distribution of cocaine base; one count of distribution of marijuana; and three counts of possessing a firearm in furtherance of drug trafficking. (*See generally* Superseding Indictment [ECF No. 14]; Verdict [ECF No. 188]). On August 31, 2006, Defendant was sentenced to 720 months' imprisonment (60 months each for Counts 1–3, 5, and 7, to be served concurrently; 60

months for Count 4; and 300 months each for Counts 6 and 8, to be served consecutively). (*See* Am. J. [ECF No. 279] 3).[1]

On February 24, 2023, Defendant filed an Amended Motion to Reduce Sentence [ECF No. 349], which the Court granted in part and denied in part. (*See generally* Apr. 30, 2023 Order [ECF No. 355]). The Court resentenced Defendant for convictions that were covered by the First Step Act of 2018, but binding Eleventh Circuit precedent prevented reduction of the sentences for his other convictions. (*See id.* 3–5). Because the sentences for those convictions ran concurrently with the reduced sentences, Defendant's overall sentence did not change. (*See id.*).

Defendant has now served nearly 22 years and again moves for a reduction of his sentence to time served or, alternatively, 240 months. (*See generally* Mot.; Reply). He argues that he is eligible for such a reduction under two recently enacted Sentencing Guidelines from the United States Sentencing Commission: U.S.S.G. sections 1B1.13(b)(5) and (6). (*See* Mot. 2, 7). The Court agrees Defendant is eligible for relief and explains its reasons below.

## II.  LEGAL STANDARDS

"The authority of a district court to modify an imprisonment sentence is narrowly limited by statute."[2] *United States v. Phillips*, 597 F.3d 1190, 1194–95 (11th Cir. 2010). As relevant here, under 18 U.S.C. section 3582(c)(1)(A), the Court may reduce a defendant's term of imprisonment

---

[1] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

[2] Under 18 U.S.C. section 3582(c), a court may modify a term of imprisonment only under the following scenarios: (1) where either "extraordinary and compelling reasons warrant such a reduction" or the defendant is at least 70 years old and meets other requirements, *id.* § 3582(c)(1)(A); (2) where another statute or Federal Rule of Criminal Procedure 35 expressly permits a sentence modification, *see id.* § 3582(c)(1)(B); or (3) where a defendant has been sentenced to a term of imprisonment based on a sentencing range that was subsequently lowered by the Sentencing Commission and other requirements are satisfied, *see id.* § 3582(c)(2).

if, after considering the factors under 18 U.S.C. section 3553(a), it finds "extraordinary and compelling reasons warrant such a reduction[] . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]" 18 U.S.C. § 3582(c)(1)(A) (alterations added).[3]  A defendant bears the burden of showing he is eligible for a sentence reduction. *See United States v. Green*, 764 F.3d 1352, 1356 (11th Cir. 2014) (citation omitted).

Congress has tasked the Sentencing Commission with "describ[ing] what should be considered extraordinary and compelling reasons for sentence reduction," instructing that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." 28 U.S.C. § 994(t) (alterations added).  Section 1B1.13 of the Sentencing Guidelines explains the "[e]xtraordinary and compelling reasons" justifying a sentence reduction.  U.S.S.G. § 1B1.13(b) (alteration added).  The Sentencing Commission currently lists six reasons; relevant here is whether "defendant received an unusually long sentence[.]" *Id.* at 1B1.13(b)(6) (alteration added).

Next, the section 3553(a) factors courts must consider "include . . . the seriousness of the offense, promoting respect for the law, providing just punishment, affording adequate deterrence, protecting the public from the defendant's further crimes, and providing the defendant with appropriate correctional treatment." *United States v. Taylor*, 997 F.3d 1348, 1354 (11th Cir. 2021) (alteration added; citing 18 U.S.C. § 3553(a)).  "A district court must also take into consideration the 'nature and circumstances' of the offense and the 'history and characteristics' of the

---

[3] As amended by the First Step Act of 2018, section 3582(c)(1)(A) allows a prisoner to move for a sentence reduction on his own behalf after he "has fully exhausted" his administrative remedies. 18 U.S.C. § 3582(c)(1)(A) (A prisoner may file a motion on his own behalf "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden . . . whichever is earlier[.]" (alterations added)); *see also United States v. Bryant*, 996 F.3d 1243, 1250 (11th Cir. 2021).  The Government concedes Defendant exhausted his administrative remedies.  (*See* Resp. 7 n.3).

defendant." *Id.* (quoting 18 U.S.C. § 3553(a)(1)).  The Court should further "consider the types of sentences available, the applicable guideline range, any pertinent policy statement issued by the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims."  *Id.* (citing 18 U.S.C. §§ 3553(a)(3)–(7)).

With this governing legal framework, the Court now turns to the parties' arguments.

### III.  DISCUSSION

Defendant moves for relief under two newly enacted Sentencing Guidelines, each of which went into effect after the Court last ruled on Defendant's first request for a sentence reduction. (*See* Mot. 2, 7).  The first, U.S.S.G. section 1B1.13(b)(5), is a broadly phrased provision allowing for a sentence reduction because of "any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described [in the provision,] are similar in gravity to those [reasons]."  *Id.* (alterations added).

The second, U.S.S.G. section 1B1.13(b)(6), allows for a sentence reduction where a defendant "received an unusually long sentence" (as Defendant here argues he has) and has "served at least 10 years of the term of imprisonment" (as Defendant here has).  *Id.*  Then, the Court may consider "a change in the law" to "determine[e] whether the defendant presents an extraordinary and compelling reason . . . where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances."  *Id.* (alterations added). Because the Court concludes Defendant is eligible for relief under this section, it does not address the parties' arguments as to section 1B1.13(b)(5).  (*See* Mot. 7–17; Resp. 9–16; Reply 3–8).

The Commission elaborated in section 1B1.13(c) that "a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) shall not be considered

for purposes of determining whether an extraordinary and compelling reason exists under this policy statement." *Id.* But "if a defendant otherwise establishes that extraordinary and compelling reasons warrant a sentence reduction under this policy statement, a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) may be considered for purposes of determining the extent of any such reduction." *Id.*

While a nonretroactive change in the law cannot stand alone as an extraordinary and compelling reason, it is "a measuring stick for the Court to use to determine if the sentence defendant is serving is, in fact, unusually long[.]" *United States v. Ware*, --- F. Supp. 3d ---, No. 97-cr-00009, 2024 WL 1007427, at *7 (N.D. Ga. Mar. 6, 2024) (alteration added). The Court has the discretion to modify an unusually long sentence if the change in law created a gross disparity between the defendant's sentence and the sentence a similarly situated defendant would receive in the present day. *See id.*; *United States v. Brown*, No. 95-cr-66, 2024 WL 409062, at *6 (S.D. Ohio Feb. 2, 2024) (holding that while section 1B1.13(b)(6) "does not give courts carte blanche to consider nonretroactive changes in the law[,]" courts may consider nonretroactive changes if the defendant's sentence is unusually long and the nonretroactive change created a gross disparity between the original sentence and the likely sentence today (alteration added)); *United States v. Padgett*, --- F. Supp. 3d ---, No. 06-cr-13, 2024 WL 676767, at *5 (N.D. Fla. Jan. 30, 2024) (stating that "changes in caselaw governing application of the guidelines, even if otherwise nonretroactive, *can* be considered" on whether there are extraordinary and compelling reasons for a sentence reduction (emphasis in original)).

Defendant states that if he were sentenced today, he would only be subject to a mandatory minimum sentence of 180 months, rather than the 660-month mandatory minimum he faced at his original sentencing. (*See* Mot. 9). Thus, Defendant insists his sentence is unusually long and

grossly disparate from the sentence he would receive under the current Guidelines. (*See generally* Mot.; Reply). The Government agrees that, "under the new sentencing regime . . . , [Defendant] would be facing a mandatory minimum sentence of 180 months versus 660 months." (Resp. 9). Further, the Government concedes that, in light of the Court's previous resentencing, "if sentenced today, Defendant's total sentence would be 240 months[,]" compared to the 720-month sentence he originally received. (*Id.* (alteration added)).

Nonetheless, the Government opposes Defendant's Motion for three reasons. First, the Government contends the Sentencing Commission exceeded its authority in promulgating this amendment to the Sentencing Guidelines. (*See generally* Resp. 9–13). Second, the Government argues Defendant's dangerousness renders him categorically ineligible for relief under the Sentencing Guidelines. (*See id.* 14–16). Third, and finally, the Government contends the section 3553(a) factors preclude relief. (*See id.* 16–19). The Court considers each argument in turn, ultimately finding Defendant is eligible for resentencing.

### A. Validity of Sentencing Guidelines Section 1B1.13(b)(6)

The Court has at least twice considered and rejected the Government's argument regarding the validity of the Sentencing Guidelines at issue here. *See United States v. Adley*, No. 03-cr-20678, May 3, 2024 Order [ECF No. 966] filed May 3, 2024 (S.D. Fla. 2024); *United States v. Parson*, No. 95-cr-08089, Apr. 19, 2024 Order [ECF No. 1905] filed April 19, 2024 (S.D. Fla. 2024). As before, the Court recognizes and agrees with the District Courts in this Circuit who have already rejected the Government's argument that the Sentencing Commission lacked authority to enact section 1B1.13(b)(6). *See, e.g.*, *Adley*, No. 03-cr-20678, May 3, 2024 Order; *Parson*, No. 95-cr-08089, Apr. 19, 2024 Order; *United States v. Cousins*, No. 92-cr-250, 2024 WL 1516121, at *4–5 (N.D. Ga. Apr. 4, 2024); *United States v. Colley*, No. 94-cr-7, 2024 WL 1516128,

at *4 (N.D. Ga. Mar. 26, 2024); *Ware*, 2024 WL 1007427, at *7; *United States v. Smith*, No. 99-cr-66, 2024 WL 885045, at *2 (N.D. Fla. Feb. 20, 2024); *United States v. Allen*, --- F. Supp. 3d ---, No. 09-cr-320, 2024 WL 631609, at *5 (N.D. Ga. Feb. 12, 2024); *Padgett*, 2024 WL 676767, at *3.

"[T]he Eleventh Circuit has never held that nonretroactive changes cannot be extraordinary and compelling reasons, [so] this Court can accept [section] 1B1.13(b)(6)'s validity and applicability." *Allen*, 2024 WL 631609, at *5 (alterations added). After all, "to curtail judicial discretion, the statute specifically directs the Commission to adopt a policy statement that defines 'extraordinary and compelling reasons.'" *Bryant*, 996 F.3d at 1255. The Eleventh Circuit has explained that the reason Congress requires the Sentencing Commission to establish such policy statements "is that it 'made the policy statement binding on courts by providing that a sentence may be reduced only where doing so is consistent with the Commission's policy statements.'" *Id.* (alterations adopted; citation omitted). Thus, the Court continues to follow the consistent decree of the Sentencing Commission and — in line with other courts in this Circuit — again rejects the Government's argument that the Commission exceeded its limits.

**B. Applicability of Sentencing Guidelines Section 1B1.13(b)(6)**

Next, the Court considers whether Defendant is eligible for relief under the new Sentencing Guidelines amendment. According to Defendant, there is a "gross disparity" between his sentence and the sentence he would receive today for the same crimes. (Mot. 9). As discussed, the parties agree that, today, Defendant would be facing a mandatory minimum of 180 months, rather than 660 months; producing a total sentence of 240 months, rather than 720 months. (*See* Mot. 9; Resp. 9). Cleary, this disparity — *40 years* — is a gross one. Indeed, several district courts have found that disparities of under just five years warranted a reduction. *See, e.g.*, *United States v. Miller*,

7

No. 08-cr-01155, 2023 WL 7065545, at *4 (D.S.C. Oct. 26, 2023) (collecting cases; stating "[c]ourts in [the Fourth C]ircuit have found differences of even one to two years to be a gross disparity sufficient to establish an extraordinary and compelling reason for compassionate release." (alterations added)); *United States v. Shaw*, No. 13-cr-00025, 2021 WL 3007266, at *5 (W.D. Va. July 15, 2021) (finding a sentencing disparity of 22 months an extraordinary and compelling reason to warrant a sentence reduction).

Perhaps unsurprisingly, the Government does not argue that this disparity is insufficient to warrant a reduction in sentence. (*See generally* Resp.). Instead, the Government argues Defendant is categorically ineligible for relief under the amended Guidelines because he is dangerous. (*See id.* 14–16). Under the policy statement in U.S.S.G. section 1B1.13(a)(2), "dangerousness is a disqualifying characteristic[.]" *United States v. Noesi*, No. 20-cr-12827, 2021 WL 3754592, at *3 n.2 (11th Cir. Aug. 25, 2021) (alteration added; quotation marks omitted); *see also* U.S.S.G. § 1B1.13(a)(2) (directing courts to consider whether a defendant "is [] a danger to the safety of any other person or to the community" (alteration added)).

The Government contends Defendant is disqualified because he "was a member of a violent street gang" and convicted of trafficking weapons. (Resp. 14–16 (citation omitted)). Defendant emphasizes that "[t]he relevant question for the Court is *not* whether [Defendant] has ever been dangerous, but whether [he] is *currently* dangerous." (Reply 5 (alterations added; emphases in original)). The Court agrees with Defendant.

The language of the Sentencing Guidelines clearly directs the Court to consider whether a defendant "*is* [] a danger to the safety of any other person or to the community[.]" U.S.S.G. § 1B1.13(a)(2) (alterations and emphasis added). While the violent nature of a defendant's conviction may be probative of whether he or she might still be a danger to the community, the

8

entirety of the Government's argument here is "[b]ased on Defendant's offense characteristics[.]" (Resp. 16 (alterations added)). The Court is not persuaded Defendant's offenses, which occurred over 20 years ago, can alone support a finding that Defendant is so dangerous today as to be ineligible for a sentence reduction. *Cf. United States v. Martin*, No. 04-cr-0029, 2021 WL 3172278, at *3 (D. Md. July 27, 2021) (finding that a defendant's "crimes of conviction do not alone dictate whether he would be a danger to the community today and whether a reduction in his sentence is appropriate"). To the extent the Government argues Defendant is a danger because of his conduct in prison, the Court takes up those arguments in weighing the section 3553(a) factors.

### C. Section 3553(a) Factors

Defendant persuades the Court that he satisfies section 1B1.13(b)(6) of the Sentencing Guidelines, but under 18 U.S.C. section 3582(c)(1)(A)(i), the Court may only reduce Defendant's term of imprisonment for extraordinary and compelling reasons after considering the factors set forth in 18 U.S.C. section 3553(a). *See* 18 U.S.C. § 3582(c)(1)(A)(i). Again, the section 3553(a) factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims.

*United States v. Bonilla-Tello*, 270 F. App'x 982, 985 (11th Cir. 2008) (citation omitted); *see* 18 U.S.C. § 3553(a).

Defendant argues he is eligible for a sentence reduction because he "has made significant efforts at rehabilitation and shown significant progress over the last twenty years." (Mot. 19). He points to his record of employment and education while incarcerated, as well as to the support of

9

his parents, who will assist him upon release. (*See id.*). The Government responds that Defendant has omitted reference to his "alarming" record of infractions while incarcerated, which it claims "demonstrates a continuous pattern of violence and failing to abide [by] the law." (Resp. 18 (alteration added)).[4]

The Court agrees with Defendant that the Government's recitation of his record does not reflect the realities of his time in prison. (*See* Reply 7–8). True, Defendant committed many infractions while in prison, averaging to just over one per year. (*See id.* 8; Resp. 18–19). Yet, it has been over three years since Defendant has had *any* infraction; nearly five years since his last infraction involving drugs; and nearly a decade since he has had an infraction involving violence. (*See* Reply 8; Resp., Ex. 5, Disciplinary Record [ECF No. 378-5]).

Additionally, Defendant highlights his emotional immaturity at the time of both the underlying offenses and other criminal activity — committed when he was just 20 years old. (*See* Mot. 3–6). He also notes that he has made significant progress in reaching sobriety and has been involved in educational and employment activities while incarcerated. (*See* Mot. 6–7; Reply 10). Considering the time that has transpired since Defendant committed the crimes, in combination with Defendant's personal growth and rehabilitation during his time in prison, the Court is not persuaded that the section 3553(a) factors pose a barrier to a sentence reduction. The Court also

---

[4] A portion of the Government's argument revolves around distinguishing Defendant from another defendant whose sentence reduction is cited in the Motion. (*See* Resp. 16–17 (referencing *United States v. Rodriguez*, No. 97-cr-00162 (S.D. Fla. 2024))). But as Defendant rightly points out, the unique circumstances of another sentence reduction do not form "the standard that the Court must use to determine whether [Defendant's] sentence should be reduced." (Reply 9 (alteration added)). The Court therefore considers only whether a sentence reduction for Defendant is warranted under the section 3553(a) factors. To this end, the Court also does not address the Government's conclusory assertions about how it believes Defendant has not spent sufficient time "improving himself and [] helping others"; "has no employment prospects"; and "has not [been] shown" an adequate level of support by his family; nor its statement that "Defendant has no letters of recommendation or commendation from prison authorities[.]" (Resp. 17 (alterations added)). The Government appears to have drawn these considerations from *Rodriguez*, rather than section 3553(a); in any event, Defendant disputes many of them.

finds it compelling that, given the extensive time remaining in Defendant's sentence and his previous inability to obtain a sentence reduction, Defendant's good behavior has occurred without the hope of early release. *See Allen*, 2024 WL 631609, at *8 (noting the court was impressed by the defendant's lack of disciplinary violations and completion of educational and drug treatment programs when he had no hope of early release for good behavior).

Beyond noting Defendant's disciplinary record, the Government makes virtually no arguments addressing the section 3553(a) factors. (*See generally* Resp.). Several of the factors seem to support a sentence reduction. Certainly, 22 years of imprisonment appropriately reflect the seriousness of offenses — and offer sufficient deterrence — for crimes that would today garner 15 years of imprisonment. And the need to avoid unwarranted sentencing disparities is implicated by — and satisfied when — a gross disparity such as this one is corrected. Considering the section 3553(a) factors as a whole, the Court is persuaded a sentence reduction is appropriate.

## IV. CONCLUSION

Accordingly, it is

**ORDERED AND ADJUDGED** that the Motion **[ECF No. 377]** is **GRANTED in part**. The parties shall confer and contact the Courtroom Deputy to schedule a resentencing hearing, advising of the amount of time required on the Court's calendar and proposed deadlines for the filing of sentencing memoranda.

**DONE AND ORDERED** in Miami, Florida, this 24th day of June, 2024.

_____
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc:   counsel of record